## *Peter Renaudet* v. *Ephraim Crocken.*

THIS was an action of trespass *quare clausum fregit*, tried at the *May* circuit, for the county of *Saratoga*, in the year 1803, before his honour Mr. Justice *Kent*. The only questions raised, for the determination of the court, were :

1st. Whether, if a trespass be committed in a part of a town, which, by a division made before the commencement of the action, is annexed to another township, the plaintiff can declare as for a trespass committed in the township where the *locus in quo* was originally situated ?

2d. Whether a surveyor, acting under the authority of a person appointed by virtue of a power of substitution in a letter of attorney, ought to be admitted to testify to the facts of such survey, without showing the letter of attorney, though it was acknowledged to exist ?

3d. Whether an agent, having received several sums of money on account of trespasses alleged to have been committed on the lands of his principal, and which he promised to refund if he did not recover in the present action, was a competent witness ?

Aug. Term,
   1803.
The fourth was merely as to the weight of testimony.

*Per Curiam*, delivered by LIVINGSTON, J.
1. The trespass having been committed in 1797, at a place *then* within the town of *Saratoga*, the plaintiff had a right to allege it was done in that town, according to the truth of the case, without regard to its subsequent division. The judge, therefore, properly overruled this objection.

2. It was not necessary to produce the plaintiff's letter of attorney to *Beriah Palmer*. The object of *Baldwin's* testimony, was to show, that *Jacobs* lived on a lot of the plaintiff, and acknowledged his right; that it was then regarded as the plaintiff's, taken care of as his, and possessed under him; whether this had been done under a power or not, was immaterial.— The ownership and possession of, or under him were the important facts to be established.

3. *Beriah Palmer* was a competent witness, notwithstanding the agreement he may have made to refund the monies he had received from other trespassers, in case the plaintiff failed in this suit.— Such monies must have been received for the plaintiff; and he only, and not the witness, would be affected by such refunding.

4. If the jury believed the plaintiff's witnesses, and we are to presume they did, the verdict is not against evidence, and ought not to be disturbed.